

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 7, 2017

## DAVID ENRIQUE LEON v. MIKE PARRIS, WARDEN

### Appeal from the Circuit Court for Lake County
### No. 16-CR-10255     R. Lee Moore, Jr., Judge

---

### No. W2016-02156-CCA-R3-HC

---

The petitioner, David Enrique Leon, appeals the summary dismissal of his petition for writ of habeas corpus, which petition challenged his 2009 Dickson County Circuit Court jury conviction of first degree felony murder. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which and ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

David Enrique Leon, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Caitlin Smith, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

A Dickson County Circuit Court jury convicted the petitioner of the first degree felony murder of the victim, Rodolfo Padilla, during the robbery of the victim at the La Estrella Grocery Store on Highway 46 in Dickson. *See State v. David Enrique Leon*, No. M2010-00513-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Jackson, Aug. 18, 2011). This court affirmed the defendant's convictions and sentence on direct appeal, *see id.*, as well as the subsequent denial of the petitioner's bid for post-conviction relief, *see David Enrique Leon v. State*, No. M2013-00519-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Jackson, Oct. 18, 2013).

In August 2016, the petitioner filed a petition for writ of habeas corpus, claiming that the judgment for his conviction of felony murder was void because the presentment failed to include the phrase "in the perpetration of or attempt to perpetrate any first degree murder, act of terrorism, arson, rape, robbery, burglary, theft, kidnapping,

aggravated child abuse, aggravated child neglect, or aircraft piracy." The habeas corpus court summarily dismissed the petition, finding, upon its review of the indictment, "no basis to support" the petitioner's claim.

In this appeal, the petitioner asserts that the habeas corpus court erred by summarily dismissing his petition.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Initially, the State contends that the petitioner failed to satisfy the mandatory statutory requirements for filing a petition for writ of habeas corpus by failing to attach the final copy of the judgment for his felony murder conviction to his petition. *See* T.C.A. § 29-21-107(b)(2) ("The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence[.]"). The judgment form appended to the petition does appear to be only a sort of preliminary judgment in that it does not memorialize the sentence imposed for the defendant's conviction of felony murder. That being said, because the State did not seek a sentence of death or life without the possibility of parole, the only sentence available was life imprisonment. *See id.* § 39-13-208(c) ("If notice is not filed pursuant to subsection (a) or (b), the defendant shall be sentenced to imprisonment for life by the court, if the

defendant is found guilty of murder in the first degree."). Under these circumstances, we do not believe that the petitioner's minor procedural lapse, standing alone, would have justified the summary dismissal of his petition.

A habeas corpus proceeding, however, is not the proper vehicle for testing the sufficiency of an indictment unless the indictment is "so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). The law in Tennessee is that an indictment must provide "sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997); *see also* T.C.A. § 40-13-202.

As indicated, the petitioner contends that his felony murder judgment is void because the presentment failed to track the language of Code section 39-13-204, which provides:

> First degree murder is . . . [a] killing of another committed in the perpetration of or attempt to perpetrate any first degree murder, act of terrorism, arson, rape, robbery, burglary, theft, kidnapping, aggravated child abuse, aggravated child neglect, rape of a child, aggravated rape of a child or aircraft piracy.

*Id.* § 39-13-202(a)(2). The superseding presentment charging the petitioner with felony murder provided:

> That David Enrique Leon heretofore, to-wit: on or about March 25, 2006, and prior to the filing of this Presentment, in the county of Dickson aforesaid, then and there, unlawfully and feloniously and with the intent to commit Aggravated Robbery, did kill Rodolfo Padilla, in violation of T.C.A. 39-13-202, all of which is against the peace and dignity of the State of Tennessee.

Although, as the petitioner correctly points out, the language in the presentment does not track exactly the language of the statute, the language is sufficient to allege that the petitioner committed a homicide while at least attempting to perpetrate an aggravated robbery. Consequently, the presentment provided the petitioner with "sufficient information" to discern "the accusation to which answer [was] required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the [petitioner] from double jeopardy." *Hill*, 954 S.W.2d at 727.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____

JAMES CURWOOD WITT, JR., JUDGE